IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) BLUEGRASS WAFFLE d/b/a Waffle House ) ) Defendant. ) _____) | CIVIL ACTION NO. COMPLAINT JURY TRIAL DEMAND |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") brings this action pursuant to Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to make whole Brenda M. Gates ("Gates"), who was adversely affected by such practices. The Defendant, Bluegrass Waffle d/b/a Waffle House ("Waffle House") discharged Gates because of her disability.

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Eastern District of Kentucky, Southern Division.

## PARTIES

3.  The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times Waffle House has been a Kentucky corporation continuously doing business in the State of Kentucky and the City of Mount Vernon, and has continuously had at least 15 employees.

5.  At all relevant times, Waffle House has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.  At all relevant times, Waffle House has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.  More than thirty (30) days prior to the institution of this lawsuit, Gates filed a charge with the Commission alleging that Waffle House violated Title I of the ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Since at least November 16, 2007, Waffle House has engaged in unlawful employment practices in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a), at its Mount Vernon, Kentucky, facility. These practices include, but are not limited to, discharging

Gates because of her disability.

9. The effect of the practices complained of in paragraph 8 has been to deprive Gates of equal employment opportunities and otherwise to affect adversely her status as an employee because of her disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to Gate's federally protected rights.

## PRAYER FOR RELIEF

Wherefore the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Waffle House, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability;

B. ORDER Waffle House to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and that eradicate the effects of its past and present unlawful employment practices;

C. ORDER Waffle House to make Gates whole by providing her with appropriate back pay with prejudgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. ORDER Waffle House to make whole Gates by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraph 8 above, including, but not limited to, medical expenses that, but for the unlawful employment practices, would have been paid by Waffle House employee benefit plan, in

amounts to be determined at trial;

E.    ORDER Waffle House to make Gates whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.    ORDER Waffle House to pay Gates punitive damages for its malicious and reckless conduct as described in paragraph 8 above, in amounts to be determined at trial;

G.    GRANT such further relief as the court deems necessary and proper in the public interest; and

H.    AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in its Complaint.

Respectfully submitted,

    s/ Laurie A. Young    
LAURIE A. YOUNG
Regional Attorney

s/ Michelle Eisele     
MICHELLE EISELE
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203

s/ Kenneth W. Brown     
KENNETH W. BROWN
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY

COMMISSION
Louisville Area Office 600 Martin Luther King, Jr. Place Suite 268
Louisville, Kentucky 40202-2285
(502) 582.5440 (Direct Dial)
(502) 582.5435 (Facsimile)
E-mail: Kenneth.Brown@eeoc.gov